IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

HENRY SANDIFER #20100211221,   )
                               )
          Plaintiff,           )
                               )
     v.                        )      No. 12 C 5587
                               )
SALVADOR GODINEZ, et al.,      )
                               )
          Defendants.          )

                       MEMORANDUM ORDER

     On July 16, 2012 Henry Sandifer ("Sandifer"), a prisoner in custody at Stateville Correctional Center ("Stateville"), used the Clerk's-Office-supplied form of 42 U.S.C. §1983 ("Section 1983") Complaint to sue Cook County Department of Corrections Executive Director Salvador Godinez and a number of other defendants for the alleged violation of Sandifer's constitutional rights while he had been in custody at the Cook County Jail. Sandifer accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

     This Court followed its regular practice of screening all prisoner complaints (see 28 U.S.C. §1915A[1]) promptly. In this instance it found some fundamental problems with both the Application and the Motion, so it issued a brief July 25 memorandum order ("Order") that identified the problems to

---

    [1] Further citations to Title 28 provisions will simply take the form "Section --."

Sandifer and set August 10 as an outside date for Sandifer to cure the specified flaws.

But August 10 came and went without any submission by Sandifer, and on August 21 this Court dismissed this case for want of prosecution, as it had forewarned Sandifer in the Order.

Now Sandifer has come forward with new filings received in the Clerk's Office on October 1: another copy of the original Complaint (which had been signed on October 27, 2011, though it was filed much later), another Application and another Motion. This memorandum order will address the latter two filings.

As for the Application, it was supplemented (as Section 1915(a)(1) required) with a printout of transactions in Sandifer's trust fund account, which showed a zero balance and no transactions within the relevant six-month period. Because Section 1915 literally so dictates under such circumstances, Sandifer's Application is granted, with the $350 filing fee to be paid only in future installments. Accordingly the trust fund officer at Cook County Jail (or at any other correctional facility where Sandifer may hereafter be confined) is authorized to collect monthly payments from Sandifer's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk of this District Court each time the amount in the account exceeds $10 until the full

$350 filing fee is paid.

All such payments shall be made directly to the Clerk and addressed as follows:

>       Office of the Clerk
>       United States District Court
>       219 South Dearborn Street
>       Chicago IL 60604
>
>       Attention: Fiscal Department

Such payments shall clearly identify Sandifer's name and the 12 C 5587 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the Cook County Jail trust fund officer.

As for the Motion, Sandifer has failed to heed the message in the Order. It is again denied.

With the action now being on file, this Court is contemporaneously issuing its customary scheduling order, including an initial status hearing date. In advance of that date, whatever defense counsel has entered an appearance is ordered to make arrangements for Sandifer to be available to participate telephonically.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 9, 2012